UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

Richard Gillard,

Plaintiff,

-v-

The City of New York, New York City Police
Department Officer ("P.O.") P.O. Argelis Rodriguez,
Shield No. 17025, P.O. John Does 1-2, and Sergeant Roe,
in their individual capacities,

Defendants.
----------------------------------------------------------------------x

**COMPLAINT AND DEMAND
FOR A JURY TRIAL**

Index No. 16-CV-552

Plaintiff Richard Gillard, through his attorney David B. Rankin of Rankin & Taylor,

PLLC, as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1.      This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and

Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of

1871, *as amended*, codified as 42 U.S.C. § 1983.

2.      Plaintiff Richard Gillard's rights were violated when officers of the New York City

Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained,

arrested, and searched him.  By reason of defendants' actions, including their unreasonable and

unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3.      Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§

1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for

violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

**PARTIES**

6.      Plaintiff Richard Gillard ("Gillard") is and was at all times relevant to this action, a resident of New York County in the State of New York.

7.      Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

8.      New York City Police Department Officer ("P.O.") Argelis Rodriguez ("Rodriguez") and P.O. John Does 1-2, and Sergeant Roe, in their individual capacities, (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

9.      The individual defendants are being sued in their individual capacities.

10.     At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

2

11.     The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

12.     At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

13.     On May 14, 2013, at approximately 12:45 P.M.., Richard Gillard was unlawfully arrested by P.O. Rodriguez and P.O. John Does 1-2 at the intersection of Marcy Avenue and Myrtle Avenue in the county of Kings in the State of New York.

14.     Mr. Gilliard was walking through the intersection of Marcy Avenue and Myrtle Avenue at approximately 12:00 P.M. when he was accosted by two of the individual defendants.

15.     Mr. Gilliard was roughly taken to the ground and handcuffed by an individual defendant.

16.     Mr. Gilliard's money was taken from him including rent money for his grandmother and assorted currency of his own.

17.     Mr. Gilliard was taken to the 79th Precinct where he was subjected to a strip and cavity search.

18.     Mr. Gilliard was then sent to Woodhull Hospital in a straight jacket for a psychological evaluation.

19.     Mr. Gilliard was released from Woodhull Hospital that evening.

20.     The summons charging Mr. Gillard with disorderly conduct was dismissed on August 9, 2013.

///

3

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983

21.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

22.    Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against him by police officers; (e) freedom from having police officers fabricate evidence against him; and (f) by failing to intercede to prevent the complained of conduct.

23.    Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

24.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25.    At all times material to this complaint, defendant the City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, to wit, arresting individuals in possession of legal common folding knives.

26.    At all times material to this complaint, defendant the City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including the individual

4

defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants, concerning the proper parties who may be arrested.

27.     The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

28.     As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.


//


//

## JURY DEMAND

29.     Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a.  That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation;

b.  That he be awarded punitive damages against the individual defendants;

c.  That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.  For such other further and different relief as to the Court may seem just and proper.

Dated:          February 2, 2016
                New York, New York

                                        Respectfully submitted,

                          By:

                                        David B. Rankin
                                        Rankin & Taylor, PLLC
                                        *Attorneys for the Plaintiff*
                                        11 Park Place, Suite 914
                                        New York, New York 10007
                                        t: 212-226-4507